UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SEATON KREYER AND DARLENE BRISKIE, individually and as the biological parents of N.K. and L.K., minor children,<br><br>Plaintiffs,<br><br>v.<br><br>ASHLEY JACKSON, *et al.*,<br><br>Defendants. | ) | No.: 3:25-CV-586-TAV-DCP |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on a *sua sponte* review of the record. On December 3, 2025, plaintiffs filed this action [Doc. 1], and summonses were issued as to defendants the same day [Doc. 2]. Under Federal Rule of Civil Procedure 4(m), plaintiffs were required to serve defendants with a copy of the complaint and summons within 90 days of filing the complaint. Plaintiffs failed to serve defendant Jessica White in the time allotted by Rule 4(m).

Accordingly, on August 20, 2026, the Court ordered plaintiffs to, within five days, provide evidence that White had properly received service of process or otherwise show cause as to why service had not been made [Doc. 36]. In that order, the Court cautioned plaintiffs that failure to timely comply would be grounds for the Court to dismiss White from this action without further notice [*Id.* at. 1–2 (citing Fed. R. Civ. P. 4(m), 21, 41(b))].

More than five days have passed, and plaintiffs have failed to respond to this Court's show cause order or otherwise take any action in this case. Under Federal Rule of Civil

Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Thus, Rule 4(m) necessitates a two-step analysis. *See DeVane v. Hannah*, No. 3:11-CV-389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011) (citing *Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000)).

First, a court must determine whether the plaintiff has shown good cause for failure to serve the defendant within the time constraints. *Id.* (citation omitted). "The plaintiff bears the burden of showing good cause and 'why service was not made within the time constraints.'" *Groulx v. CSX Corp.*, No. 22-12296, 2024 WL 386834, at *1 (E.D. Mich. Jan. 31, 2024) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). Second, "if the plaintiff has failed to show good cause, the court must determine whether to dismiss the action or direct that service be effected." *DeVane*, 2011 WL 5916433, at *2 (citation omitted).

Here, plaintiffs have not shown good cause to justify a failure to effect service in the time ordered by the Court [*See* Doc. 36]. Specifically, the Court afforded plaintiffs the opportunity to provide such good cause in its show cause order [*see id.*], but plaintiffs failed to timely comply. Therefore, given plaintiffs have failed to demonstrate good cause, the Court must decide whether to dismiss White or order that service be made within a

specified time. *DeVane*, 2011 WL 5916433, at *2 (citation omitted); Fed. R. Civ. P. 4(m). More than 265 days have elapsed since plaintiffs filed their complaint [*See* Doc. 1]. Despite this, plaintiffs have failed to serve White, and, as previously mentioned, plaintiffs have failed to comply with this Court's show cause order regarding service upon White [Doc. 36]. Therefore, the Court finds dismissal of White pursuant to Rule 4(m) to be appropriate.

Accordingly, for the reasons set forth above, all claims against defendant White are hereby **DISMISSED without prejudice** from this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE